# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| Christopher Ounjian, | Case No.: 3:22-cv-04575-TKW-MJF |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW** |
| Globoforce, Inc., d/b/a Workhuman | |
| Defendant. | |

## **TABLE OF CONTENTS**

Page

**INTRODUCTION** ...................................................................................................5

**BACKGROUND AND PROCEDURAL HISTORY** ............................................6

**LEGAL STANDARD** ............................................................................................8

**ARGUMENT** .........................................................................................................9

    I.  A Stay is Appropriate Where, As Here, Resolution of the Motion to Dismiss Will Likely Obviate the Need for Discovery. ...................................9

    II.  The Balance of Harms Favors Staying Discovery Pending Resolution of the Motion to Dismiss. ..............................................................................11

        i.  Plaintiff's Discovery Requests will Needlessly Burden Workhuman and this Court. ..................................................................11

        ii.  No Prejudice to Plaintiff if a Stay is Entered. ........................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ................................................................*passim*

*David v. United States*,
   No: 8:19-cv-2591-T-36JSS, 2020 WL 1862606 (M.D. Fla. Apr. 14,
   2020) ..........................................................................................................................9

*Herbert v. Lando*,
   441 U.S. 153 (1979) ................................................................................................8

*Hetherington v. Lee*,
   No. 3:21-CV-671-MCR-EMT, 2021 WL 7084092 (N.D. Fla. June
   21, 2021) ..........................................................................................8, 9, 10

*Minton v. Jenkins*,
   No. 5:10CV61/RH/EMT, 2011 WL 2038700 (N.D. Fla. June 24,
   2021) ........................................................................................................................11

*Williams v. Rest. Techs., Inc.*,
   No. 3:16CV266/MCR/EMT, 2017 WL 5953301 (N.D. Fla. May
   30, 2017) ................................................................................................................11

*Yerk v. People for the Ethical Treatment of Animals*,
   No. 2:09-cv-537, 2010 WL 1730754 (M.D. Fla. April 28, 2010) .......................13

**Statutes**

Federal Deceptive Trade Practices Act, Fla. Stat. §§ 501.201, *et seq* ..............6, 10

Florida Private Employee Whistleblower's Act, Fla. Stat. §§
   448.101, *et seq*. ................................................................................................6, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................14

Fed. R. Civ. P. 26 ................................................................................................5, 7, 8

Fed. R. Civ. P. 30(b)(6) .................................................................................8, 13

Local Rule 3.01 .................................................................................................5

Defendant Globoforce, Inc., d/b/a Workhuman ("Workhuman"), by and through its undersigned counsel, and pursuant to Local Rule 3.01 and Fed. R. Civ. P. 26(c), hereby moves for entry of an order staying discovery pending resolution of its motion to dismiss, filed simultaneously herewith.

## INTRODUCTION

There is good cause for the Court to enter a temporary stay of discovery during the pendency of Workhuman's Motion to Dismiss as the Motion to Dismiss will likely obviate the need for discovery and the balance of the harms weighs decidedly in favor of a stay. *E.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that good cause for a stay of discovery exists when the motion raises meritorious arguments that may render the motion case dispositive).

As detailed in Workhuman's Motion to Dismiss filed simultaneously herewith, Plaintiff's Complaint suffers from a variety of independent pleading defects that render each of his three Counts unsupportable as a matter of law. Despite the possibility that some or all of his claims will be dismissed with prejudice, Plaintiff seeks wide-ranging discovery into Workhuman's business and clients, including proprietary sales and financial information. A temporary stay of discovery will enable Workhuman to avoid potentially unnecessary and significant time and expense responding to Plaintiff's fulsome requests. A stay will also allow

5

this Court to avoid any potentially unnecessary discovery-related motion practice. Plaintiff, on the other hand, will not be prejudiced by a brief stay, particularly in light of the fact that he asserts that he is already in possession of significant discovery in support of his claims.

As a result, and for the reasons laid out more fully below, Workhuman respectfully requests that the Court grant this Motion and order a temporary stay of discovery during the pendency of Workhuman's Motion to Dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

Christopher Ounjian ("Plaintiff"), a former Workhuman employee, filed his Complaint on March 23, 2022 [Doc. 1], asserting claims for violations of the Florida Private Sector Whistleblower Act ("FWA"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and, in the alternative, wrongful discharge under Massachusetts law.

On April 12, 2022, Plaintiff propounded an initial set of requests to Defendant for the production of documents seeking sweeping discovery into, as detailed below, nearly every aspect of Workhuman's business operations with respect to its Workhuman Store solution (the "Requests"). More specifically, the Requests seek ten broad and vague categories of documents from Workhuman, including "all documents" relating to: "how much to charge for items in the [Workhuman] store" (Request No. 2), "invoices, bills, or statements from the

entities from which [Workhuman] purchased items" for its store (Request No. 3), and internal and external communications "about Back End operations" (Requests Nos. 6-7).

The Requests also seek Workhuman's sensitive business information, including "all documents" relating to its business model (Requests Nos. 2, 3, 4, 5, and 6), "the amount of business generated by [Workhuman] sales representatives" (Request No. 9), and internal decision making regarding its organizational structure (Request No. 10).  On that same date, Plaintiff also propounded an initial set of "5" interrogatories, together containing 19 sub-sections, seeking, among other things, details about Workhuman's proprietary sales and financial information (the "Interrogatories").

On April 15, 2022, the parties met and conferred regarding the Requests and Interrogatories and other discovery deadlines, during which Defendant took the position that Plaintiff's discovery requests were premature and overly broad.  No resolution was reached, and the parties submitted separate discovery proposals.

On May 2, 2022, the Court entered a Scheduling Order.  [*Doc.* 15.]  In the Scheduling Order, the Court contemplated that Defendant would be filing a motion to stay discovery at or around the time Defendant filed its "forthcoming motion to dismiss." [*Doc.* 15 at n.1.]  Pursuant to the Scheduling Order, the parties filed their respective Rule 26 initial disclosures on May 17 and 18, 2022.  [*Doc.* 17, 19-20.]

Plaintiff's initial disclosure as amended [Doc. 20] lists ninety witnesses, including Workhuman's external auditor and current and former Workhuman employees, and states that "Plaintiff anticipates taking Rule 30(b)(6) depositions of numerous client companies of Workhuman." [Doc. 20 at 15 (emphasis added).]

Contemporaneously with the filing of this Motion, Workhuman files a Motion to Dismiss, with prejudice, for failure to state a claim. If granted, Workhuman's Motion to Dismiss will dispose of the entire case and obviate the need for discovery.

## LEGAL STANDARD

Because "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins," *Chudasama*, 123 F.3d at 1367, good cause for a stay of discovery exists when the motion raises meritorious arguments that may render the motion case dispositive. *See, e.g.*, *Hetherington v. Lee*, No. 3:21-CV-671-MCR-EMT, 2021 WL 7084092, at *1 (N.D. Fla. June 21, 2021). A court "should not hesitate to exercise appropriate control over the discovery process," and issue an order staying all discovery under Rule 26(c) of the Federal Rules of Civil Procedure if the moving party shows good cause for a stay. *See* Fed. R. Civ. P. 26(c); *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

To determine whether a stay is appropriate, courts take a "preliminary peek"

at the merits of the dispositive motion to determine if "there appears an immediate and clear possibility" that the court will grant the motion, and then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Hetherington*, 2021 WL 7084092, at *1 (citing *David v. United States*, No: 8:19-cv-2591-T-36JSS, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020)).

## ARGUMENT

A brief stay is appropriate here because: 1) a "preliminary peek" at Workhuman's pending Motion to Dismiss reflects that the Motion should obviate the need for discovery, and 2) Plaintiff will not be prejudiced by a pause in discovery until the Motion to Dismiss is resolved. Accordingly, the balance of the benefits and harms decidedly favors this Motion.

### I. A Stay is Appropriate Where, As Here, Resolution of the Motion to Dismiss Will Likely Obviate the Need for Discovery.

First, a stay is appropriate here because Workhuman's Motion to Dismiss should obviate the need for the parties and this Court to spend time and resources on discovery and any potential discovery-related motion practice. The Eleventh Circuit has encouraged district courts to stay discovery when a dispositive motion is pending, particularly where, as here, that motion may be meritorious. *Chudasama*, 123 F.3d at 1366-67. The *Chudasama* opinion strongly advises district courts to resolve motions to dismiss before discovery commences:

9

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, *neither the parties nor the court have any need for discovery before the court rules on the motion.*

*Chudasama*, 123 F.3d at 1367 (internal citations omitted and emphasis added).

A "preliminary peek" (*Hetherington*, 2021 WL 7084092, at *1) at Workhuman's Motion to Dismiss demonstrates that Plaintiff's claims are not likely to proceed past the pleading stage. The Complaint asserts causes of action for violations of the FWA, the FDUTPA, and, in the alternative, wrongful discharge under Massachusetts law. But, as set forth in detail in Workhuman's Motion to Dismiss, each of these claims suffer from multiple, independent pleading defects that render them unsupportable as a matter of law. *See* Mot. to Dismiss filed simultaneously herewith. For example, a fundamental flaw of Plaintiff's claims is his inability to allege constructive discharge as a matter of law. Plaintiff does not and cannot plead a retaliatory employment action because he was not discharged, but rather, he voluntarily resigned. In addition, Plaintiff's claims fail for numerous additional reasons including (among others) that he: does not plead any of the elements of an FWA claim (Count 1), lacks standing to bring a claim under the FDUTPA (Count 2), and cannot seek relief of Massachusetts common law (Count

3). Moreover, Plaintiff's pleading failures cannot be remedied and, thus, each of his claim should be dismissed with prejudice.

In sum, because Workhuman's Motion to Dismiss should dispose of all, or some, of Plaintiff's claims, the Court should stay discovery until the Motion to Dismiss is ruled upon. *See, e.g., Williams v. Rest. Techs., Inc.*, No. 3:16CV266/MCR/EMT, 2017 WL 5953301, at *1 (N.D. Fla. May 30, 2017) (staying discovery pending decision on motion to dismiss where preliminary review of motion to dismiss based on, among things, failure to state a claim upon which relief may be granted, "could be granted and [the] action entirely terminated").

## II. The Balance of Harms Favors Staying Discovery Pending Resolution of the Motion to Dismiss.

Second, the balance of harms weighs decidedly in favor of granting Workhuman's Motion to Stay. The Court and Workhuman will suffer greater harm (i.e., waste of time and resources) by permitting discovery to proceed prior to resolution of Workhuman's Motion to Dismiss, than will result from a brief stay of discovery pending resolution of the Motion to Dismiss.

### i. Plaintiff's Discovery Requests will Needlessly Burden Workhuman and this Court.

The overbreadth of Plaintiff's discovery alone is reason to grant the stay while the Court sorts through Workhuman's Motion to Dismiss. *Minton v. Jenkins*, No. 5:10CV61/RH/EMT, 2011 WL 2038700, at *2 (N.D. Fla. June 24,

2021) (granting motion to stay where "defendants' burden and expense of responding to Plaintiff's discovery requests outweighs any benefit at this stage of the litigation"). Taken together, Plaintiff's Requests seek essentially all documents, including internal and external communications, related to Workhuman's business whether or not relevant to Plaintiff's allegations. For example, Plaintiff seeks:

- "[a]ll documents" relating to "how much to charge for items in the [Workhuman] Store" (Request No. 2) and all "invoices, bills, or statements" for the items Workhuman purchases for resale in the Workhuman store (Request No. 3)—effectively, communications and receipts for over a million merchandise items;

- "[a]ll documents" relating to "what to tell Clients or prospective Clients about Back End markup" for items on Workhuman's store (Request No. 5);

- "[a]ll documents" constituting communications relating to "Back End operations," which is defined in turn to mean "activities or charges relating to the redemption of Points by Client employees" (Request No. 6 and 7); and

- "[a]ll documents" relating to "the amount of business generated by [Workhuman] sales representatives" (Request No. 9).

In addition, because of their overbreadth and call for highly sensitive business information, Plaintiff's requests are likely to require Court intervention. As of the date of this filing, the parties have not been able to agree on any narrowing of Plaintiff's requests. Quite the opposite: since the parties' Rule 26(f) conference, Plaintiff served its initial disclosures, naming ninety potential witnesses, as well as identifying its intention to audit Workhuman's finances and

take Rule 30(b)(6) depositions of "numerous client companies of Workhuman." [Doc. 20 at 2-15.] In sum, Plaintiff's position on discovery may cause unnecessary and costly discovery practice in front of this Court prior to any ruling on Defendant's Motion to Dismiss, which should be avoided. *See Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

ii.  <u>No Prejudice to Plaintiff if a Stay is Entered.</u>

Plaintiff will not be prejudiced by a temporary delay while the Court resolves Workhuman's Motion to Dismiss. The lawsuit is still in its inception and a brief discovery stay will not interfere with the timely and orderly administration of the case or with Plaintiff's ability to obtain discovery in the unlikely event the Court denies the Motion to Dismiss. Workhuman has not yet answered the Complaint, and the Court has only just issued Scheduling Order setting discovery deadlines in this case. As this case has not yet proceeded beyond preliminary motions practice and there are threshold issues still to be resolved, a stay of discovery is appropriate. *See Yerk v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537, 2010 WL 1730754, *1-2 (M.D. Fla. April 28, 2010). It would be counterproductive for the parties to engage in time-consuming and expensive discovery at this early stage, when a ruling on the Motion to Dismiss will likely

13

render such efforts meaningless.

In addition, no discovery is needed for the Court to resolve the motion to dismiss. *See Chudasama*, 123 F.3d at 1367 ("neither the parties nor the court have any need for discovery before the court rules on [a] motion" to dismiss under Fed. R. Civ. P. 12(b)(6)). And further, it appears that Plaintiff already has significant discovery that may be relevant to his claims. Indeed, Workhuman has already provided Plaintiff with pre-suit discovery, including his Workhuman personnel file. Plaintiff further references in his initial disclosures that he is already in "possession, custody, or control" of the following documents in support of his claims:

1. Internal Workhuman emails and other Workhuman documents relating to Plaintiff's efforts to change Workhuman's back end margin practices [*Doc*. 20 at 16];

2. Email exchanges with Workhuman clients and prospective clients relating to questions and issues about points redemption [*id*.];

3. Contract documents and draft contract documents relating to services provided or proposed to clients or proposed clients [*id*.];

4. Audits of Workhuman's finances and documents relating to such audits [*id*.];

5. Documents relating to Workhuman's assessment of Plaintiff's performance and threats about his attitude and demotion [*id*.].

In sum, given that Plaintiff purports to already be in possession of significant discovery, and given the strength of Workhuman's motion to dismiss, Plaintiff will

not be prejudiced by a temporary delay in any future discovery.

WHEREFORE, based on the foregoing, Workhuman requests that this Court grant Workhuman's Motion to Stay Discovery.

May 23, 2022

**GOODWIN PROCTER LLP**

/s/ *Jennifer L. Chunias*
Jennifer L. Chunias (*pro hac vice*)
Kate E. MacLeman (*pro hac vice*)
Dylan E. Schweers (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
jchunias@goodwinlaw.com
kmacleman@goodwinlaw.com
dschweers@goodwinlaw.com
617-570-1000

**HOLLAND & KNIGHT**

/s/ *Nathan A. Adams*
Nathan A. Adams, IV
Florida Bar No. 90492
315 South Calhoun Street, Suite 600
Tallahassee, FL 323001
Nathan.adams@hklaw.com
850-224-7000

***ATTORNEYS FOR DEFENDANT***

## LOCAL RULE 7.1(c) CERTIFICATION

The undersigned certifies pursuant to Local Rule 7.1(c), that the moving party conferred in good faith with opposing counsel regarding the relief requested herein during a videoconference held on April 15, 2022 and via email on May 20, 2022, and the parties could not resolve the issues raised herein.

*/s/ Jennifer L. Chunias*

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this brief contains 2,322 words in compliance with Local Rule 7.1(F).

*/s/ Jennifer L. Chunias*
